UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO FERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01919-LJO-BAM PC<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>(ECF Nos. 1, 2) |

On November 25, 2013, a complaint bearing the name of Bertram Colin Johnson ("Plaintiff") was received and filed. The complaint was not signed and it set forth no intelligible claims for relief. As the Court cannot consider unsigned filings, the Court struck the complaint from the record on November 27, 2013, and ordered Plaintiff to file a signed complaint within thirty days. The Court also ordered Plaintiff to file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full within thirty days. On December 9, 2013, the Court's order was returned as undeliverable (Refused by Addressee, RTS, Released 10/31/13).

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides as follows:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and

1

opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

Accordingly, this action is HEREBY DISMISSED without prejudice based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   **February 20, 2014**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE